UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOSEPH PHILLIP, :
 :
                             Plaintiff, :         ORDER
 :     11-CV-5916 (CBA)
     -against- :
 :
RAINBOW USA, INC., :
 :
                           Defendant. :
 :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      Plaintiff, currently proceeding *pro se*, brings this action pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634. Plaintiff alleges that his former employer terminated his employment in a discriminatory manner due to his age. Plaintiff has filed an application for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Docket Entry 10.

      Section 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel." A litigant seeking counsel must meet two threshold requirements: 1) financial hardship and 2) a legal claim or defense "'likely to be of substance,'" or that has "'some chance of success.'" *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)). If a litigant meets these threshold requirements, a court must also consider the following additional factors before determining whether appointment of counsel is warranted:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 60-61.

Mr. Phillip satisfactorily demonstrates financial hardship. A litigant need not be "absolutely destitute" before an application for appointment of counsel is granted. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (recognizing that an affidavit that states that "one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life" is sufficient for purposes of § 1915); *see also Weir v. Potter*, 214 F. Supp. 2d 53, 55 (D. Mass. 2002) (noting that a showing of financial hardship for appointment of counsel is less demanding than the showing required for leave to proceed *in forma pauperis*). Plaintiff was already granted *in forma pauperis* status and thus meets the threshold requirement of financial hardship. Docket Entry 3.

The second factor – whether plaintiff's claim is likely to be of substance – is more difficult to assess. Plaintiff alleges that he was subjected to discrimination due to his age; Mr. Phillip was almost eighty years old when he was terminated from his job as a security guard with defendant in 2010. More specifically, he contends that a manager at Rainbow USA asked Mr. Phillip to perform duties, such as shoveling snow and performing electrical work, which plaintiff refused to do because they were outside the scope of his employment as a security guard.[1] Compl. p. 5. Mr. Phillip specifically states: "I sometimes felt he did those things in [order] to frustrate me because of my age." *Id*. At this stage of the proceedings, I conclude that the likelihood that plaintiff's claims have substance is sufficient to warrant granting his motion.

Having reviewed the complaint and Mr. Phillip's motion for appointment of counsel, I find that the circumstances of his case warrant *pro bono* appointment.[2] Accordingly, Mr. Phillip's application for appointment of counsel is granted. Although there is no guarantee that

---

[1] Mr. Phillip acknowledges that sometimes he did perform other duties that were outside the scope of his guard duties, such as cleaning, shipping, and taking out the garbage. Compl. p. 5.
[2] Mr. Phillip does not state what steps he has taken to try to procure counsel on his own. Docket Entry 10.

the Court will find a *pro bono* lawyer willing to volunteer to represent him, he should cooperate with any attorney from the Court's *pro bono* panel who contacts him regarding this case.

SO ORDERED.

_____/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
July 2, 2012

A copy of this Order will be mailed this day to Mr. Phillip at the following address:

Joseph Phillip
1273 Rogers Avenue
Apt. 4
Brooklyn, NY 11226

*U:\eoc 2012\phillip appt of counsel.docx*